5/3/2017 6:36:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16824263
By: Wanda Chambers
Filed: 5/3/2017 6:36:49 PM

# 2017-29914 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| HOMER CHEESE and TANIKKA CHEESE | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEICO INDEMNITY COMPANY | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW HOMER and TANIKKA CHEESE, Plaintiffs in the above-styled cause and complain of Defendant GEICO INDEMNITY COMPANY and for cause would show unto the Court the following:

### I.  DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2 pursuant to Tex. R. Civ. P. 190.

### II. PARTIES

2. Plaintiffs are residents of Katy, Harris County, TX.

3. Defendant GEICO INDEMNITY COMPANY is a foreign insurance company licensed by the Texas Department of Insurance and may be served with process by serving its registered agent: Dan Beacom, 2280 N. Greenville Ave, Richardson, TX 75082-4412.

### III. JURISDICTION AND VENUE

4. The amount in controversy exceeds the minimal jurisdictional limits of this Court.

5. Venue is proper in this cause pursuant to TEX. INS. CODE §1952.110 in Harris County, Texas because the Plaintiffs were domiciled in Harris County at the time the cause of action accrued.

EXHIBIT
**B**

*Cheese: Original Petition*

1

## IV.  FACTS

6.      On or about June 27, 2015, Plaintiffs were rear-ended by an uninsured driver. Plaintiff would show that the incident in question and his resulting injuries and damages were brought about and caused to occur due to the negligence and carelessness of the tortfeasor in some one or more of the following ways:

    (a)    In failing to control his speed;
    (b)    Failing to keep a proper lookout;
    (c)    Failing to apply the brakes in a timely manner to avoid the collision;
    (d)    Failing to swerve the vehicle in order to avoid striking the vehicle in which Plaintiff was traveling; and
    (e)    Failing to act as a person of ordinary care would under same or similar circumstances.

7.      Each and all of the above, whether omissions or commission, constitutes negligence as the law defines it, and were, each and all, separately and concurrently, a proximate cause of the incident described above and the resulting injuries and damages sustained by the Plaintiff.

8.      At the time of this collision Plaintiffs had in effect an auto insurance policy with Defendant GEICO. As part of their coverage, they had both personal injury protection and uninsured motorist coverage. As Plaintiffs incurred medical treatment, their bills were forwarded to GEICO. GEICO paid some, but not all claims.

9.      GEICO has unilaterally denied coverage of additional sums under either PIP or UM, on either the Texas or the Michigan policy issued to Plaintiffs.

## VI.  LIABILITY OF DEFENDANT

**A.**     **Underinsured Motorist and PIP Claims: Declaratory Judgment**

10.     The at-fault party was not adequately insured to cover Plaintiffs' losses.

---

*Cheese: Original Petition*

11.    It has therefore become necessary for the Plaintiffs to bring this lawsuit against the Defendant GEICO under its policy. Plaintiff seeks a determination under the Declaratory Judgment Act of the applicable coverages under the policy and GEICO's obligation to pay.

**B.    Breach of Contract**

12.    Plaintiffs are beneficiaries of the insurance contract issued by Defendant and has standing to sue for breach.

13.    Plaintiff complied with the provisions of the policy and performed all duties he owed Defendant under the contract; Plaintiff has performed or attempted to perform all conditions precedent to bringing this lawsuit. GEICO's action have rendered some performance impossible.

14.    Defendant breached the contract by failing to pay Plaintiffs for the injuries they sustained due to the negligence of the at-fault driver.

15.    As a result of Defendant's breach, Plaintiff has suffered damages, further detailed below.

**C.    Bad Faith**

16.    Defendant breached its duty of good faith and fair dealing with Plaintiffs in failing to give a valid reason to pay or deny the claims for underinsured motorist benefits and PIP. Plaintiffs and Defendant were in an insurer/insured relationship by virtue of the insurance contracts issued to Plaintiffs.

17.    Defendant knew or should have known that coverage was reasonably clear under the policy and that the damages claimed by Plaintiffs flowed directly from the incident and were reasonable. Defendant's actions are proximate causes of Plaintiff's damages.

**D.    Violation of Tex. Ins. Code Ch. 541, Subchapter D**

18.    Tex. Ins. Code Ch. 541 Subchapter D is violated if Subchapter B is violated. Tex. Ins. Code Ch. 541 Subchapter B prohibits making, issuing, or causing to be made statements misrepresenting

---

*Cheese: Original Petition*                                                                                                3

the terms, benefits, and nature of an insurance policy. Defendant misrepresented the terms, benefits, and nature of the UIM benefits in the policy, and failed to pay Plaintiffs' reasonable expenses and damages after their cooperation and in spite of documentary substantiation of their losses.

**E.      Failure to Promptly Pay**

19.      Plaintiff gave proper notice of the collision at issue to Defendant and Defendant is liable under underinsured portions of the policy. Defendant violated Tex. Ins. Code Ch. 542 Subchapter B by not timely and fully paying the claim and by wrongfully rejecting Plaintiff's claim for UIM benefits. This incident occurred nearly 2 years ago and Plaintiff has complied with all of Defendant's requests to substantiate their claims.

**F.      Unfair Settlement Practices**

20.      Defendant GEICO's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under their article are made actionable by TEX. INS. CODE §541.151.

21.      Defendant GEICO's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

22.      The unfair settlement practice of Defendant GEICO of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

23.    Defendant GEICO's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to the Plaintiff, or to submit a reservation of rights to the Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

24.    Defendant GEICO's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7)

## VI.  DAMAGES

25.    The Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by the Plaintiff.

26.    The losses and damages caused by the accident have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff.  These damages are a direct result of Defendant GEICO's mishandling of Plaintiffs' claim in violation of the laws set forth above.

27.    For breach of contract, the Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

28.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, the Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, the Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

29.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, the Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

30.     For breach of the common law duty of good faith and fair dealing, The Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

31.     For the prosecution and collection of their claim, the Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, the Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

32.     For the prosecution and collection of their claim, the Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, the Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

33.     Plaintiff claims for relief under Tex. R. Civ. P. 47(c)(5), in a maximum amount of $200,000.

## VII.  REQUEST FOR DISCLOSURE

34.     Plaintiff requests that Defendant respond to the disclosure requests contained in Tex. R. Civ. P. 194.2(a)-(l).

---

*Cheese: Original Petition*                                                                                          6

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer the Plaintiff and that Plaintiff have judgment against the Defendant for the following:

  a.  Actual damages;
  b.  Attorney Fees
  c.  Prejudgment and post-judgment interest;
  d.  Costs of suit; and
  e.  All other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully Submitted,

**THE DUNK LAW FIRM, PLLC**

Brenna L. Sanchez
State Bar No. 24068039
4505 Caroline Street
Houston, Texas 77004
(713) 223-1435
(713) 223-1438 (fax)
brenna@dunklawyers.com

Unofficial Copy Office of Christ Marial District Clerk

6/16/2017 4:05:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17678236
By: LISA COOPER
Filed: 6/16/2017 4:05:46 PM

CAUSE NO.  201729914

RECEIPT NO.                 0.00      CIV

\* \* \* \* \* \* \* \* \*                TR # 73372791

| | |
|---|---|
| PLAINTIFF: CHEESE, HOMER<br>        vs.<br>DEFENDANT: GEICO INDEMNITY COMPANY | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GEICO INDEMNITY COMPANY MAY BE SERVED BY SERVING
    ITS REGISTERED AGENT DAN BEACOM
    2280  N GREENVILLE AVE   RICHARDSON  TX  75082 - 4412
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>3rd day of May, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 11th day of May, 2017, under my hand and
seal of said Court.

<u>Issued at request of:</u>
SANCHEZ, BRENNA LYNN
4505  CAROLINE
HOUSTON, TX  77004
Tel: (713) 223-1435
<u>Bar No.:</u>  24068039

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MOMON, RHONDA MICHELLE
HMP//10675067

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____M. on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _80_

_____                        of _____County, Texas

                                     By _____
_____
       Affiant                               Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                     _____
                                          Notary Public

Unofficial Copy Official Records / Chris Daniel District Clerk / AFFIDAVIT ATTACHED / DISTRICT COURT OF HARRIS COUNTY TEXAS

N.INT.CITR.P                        *73372791*

CAUSE NO. 2017-29914

| HOMER CHEESE, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GEICO INDEMNITY COMPANY | § | |
| Defendant. | § | 157TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared MITCHELL DRAEGER who, being me duly sworn, deposed and said:

"The following came to hand on May 19, 2017, _____ *3:55 P* m,

CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at _*2280 Greenville Ave., Richardson, TX 75082*_ within the county of
_*Dallas*_ at _*1340*_ o'clock *P* .M. on ~~MAY~~ *June 12*, 2017, by delivering a true copy to the within named

GEICO INDEMNITY COMPANY BY DELIVERING TO
_*Laura Hernandez, Authorized Person*_

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

MITCHELL DRAEGER - sch# *7775* - Expires: *12-31-2019*

BEFORE ME, a Notary Public, on this day personally appeared MITCHELL DRAEGER, known to me to be the person whose name is subscribed to the foregoing document and, being me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON _*June 12*_, 2017.

Kathy Draeger
MY COMMISSION EXPIRES
03-20-2018
NOTARY ID: 12975568-3

Notary Public, State of Texas

6/30/2017 2:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17953334
By: Rhonda Momon
Filed: 6/30/2017 2:58 PM

## CAUSE NO. 2017-29914

| | | |
|---|---|---|
| HOMER CHEESE AND TANIKKA CHEESE | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEICO INDEMNITY COMPANY | § | 157TH JUDICIAL DISTRICT |

### DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GEICO INDEMNITY COMPANY**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

GERMER PLLC

By:_____
**BARBARA L. HACHENBURG**
State Bar No. 08667070
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
bhachenburg@germer.com

**ATTORNEY FOR DEFENDANT,
GEICO INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 30th day of June, 2017.

**BARBARA L. HACHENBURG**

Unofficial Copy Office of Chris Daniel District Clerk

6/30/2017 2:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17953334
By: Rhonda Momon
Filed: 6/30/2017 2:58 PM

## CAUSE NO. 2017-29914

| | | |
|---|---|---|
| HOMER CHEESE AND TANIKKA CHEESE | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEICO INDEMNITY COMPANY | § | 157TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GEICO INDEMNITY COMPANY,** (hereinafter referred to as "GEICO"), Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiffs' Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiffs have failed to fulfill the conditions precedent for bringing an uninsured/underinsured motorist claim against Defendant. Specifically, Plaintiffs have failed to establish that they are legally entitled to recover damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by them, caused by an accident.

### III.

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and

offsets include, but are **not limited to**, all Personal Injury Protection (PIP) payments previously made by GEICO to Plaintiffs.

### IV.

Defendant would show that Plaintiffs' "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

### V.

Defendant asserts that Plaintiffs are not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiffs to recovery of uninsured/underinsured motorist benefits.

### VI.

Defendant asserts that Plaintiffs are not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured/underinsured motorist coverage under the subject insurance contract.

### VII.

Plaintiffs' rights to recover medical expenses are limited by the provision of Tex. Civ. Prac. & Rem. Code 41.0105. Plaintiffs are only entitled to recover the amount paid or incurred by or on behalf of the Plaintiffs.

### VIII.

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly

entitled and for which Defendant will forever pray.

Respectfully submitted,

GERMER PLLC

By:_____
BARBARA L. HACHENBURG
State Bar No. 08667070
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
bhachenburg@germer.com

ATTORNEY FOR DEFENDANT,
GEICO INDEMNITY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 30th day of June, 2017.

_____
BARBARA L. HACHENBURG

**CAUSE NO. 2017-29914**

| | | |
|---|---|---|
| HOMER CHEESE AND TANIKKA CHEESE | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GEICO INDEMNITY COMPANY | § | 157TH JUDICIAL DISTRICT |

STATE OF TEXAS          §
                                        §
COUNTY OF HARRIS     §

## VERIFICATION

I, Barbara L. Hachenburg, attorney for GEICO Indemnity Company, hereby swear and affirm that the facts contained within Defendant's Original Answer are true and correct.

By: _____
**BARBARA L. HACHENBURG**

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 30 day of June, 2017, to certify which witness my hand and official seal of office.

_____
Notary Public, State of Texas

LACEY N. AMBROSE
Notary Public, State of Texas
Comm. Expires 08/15/2017
Notary ID 123948886-2

### Harris County Docket Sheet

# 2017-29914

**COURT:** 157th
**FILED DATE:** 5/3/2017
**CASE TYPE:** JURY FEE



### CHEESE, HOMER

Attorney: SANCHEZ, BRENNA LYNN

### vs.

### GEICO INDEMNITY COMPANY

Attorney: HACHENBURG, BARBARA L.

| Trial Settings | |
|---|---|
| Date | Comment |
| 5/14/2018 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| Date | Comment |