UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| HOMER CHEESE and TANIKKA CHEESE § <br> *Plaintiffs* § <br> § <br> V. § <br> § <br> GEICO INDEMNITY COMPANY and § <br> GEICO COUNTY MUTUAL INSURANCE § <br> COMPANY § <br> *Defendants* § | Civil Action No. 4:17-cv-02120 |

## PLAINTIFFS' AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW HOMER and TANIKKA CHEESE, Plaintiffs in the above-styled cause and with the consent of Defendant GEICO INDEMNITY, file this amended complaint, complaining of Defendant GEICO INDEMNITY COMPANY and GEICO COUNTY MUTUAL INSURANCE COMPANY and for cause would show unto the Court the following:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2 pursuant to Tex. R. Civ. P. 190.

### II. PARTIES

2. Plaintiffs are residents of Katy, Harris County, TX.

3. Defendant GEICO INDEMNITY COMPANY is a foreign insurance company licensed by the Texas Department of Insurance. Service of process is unnecessary at this time.

4. Defendant GEICO COUNTY MUTUAL INSURANCE COMPANY is a Texas insurance company licensed by the Texas Department of Insurance. Service of process is unnecessary at this time.

5. The defendants are hereafter referred to collectively as "GEICO."

### III. JURISDICTION AND VENUE

6. The amount in controversy exceeds the minimal jurisdictional limits of this Court. However, with the addition of the Texas defendant, this Court no longer has diversity jurisdiction over the matter and must remand the matter back to the State-level court from which it was removed.

7. Venue is proper in this cause pursuant to TEX. INS. CODE §1952.110 in Harris County, Texas because the Plaintiffs were domiciled in Harris County at the time the cause of action accrued.

### IV. FACTS

8. On or about June 27, 2015, Plaintiffs were rear-ended by an uninsured driver. Plaintiff would show that the incident in question and his resulting injuries and damages were brought about and caused to occur due to the negligence and carelessness of the tortfeasor in some one or more of the following ways:

   (a) In failing to control his speed;
   (b) Failing to keep a proper lookout;
   (c) Failing to apply the brakes in a timely manner to avoid the collision;
   (d) Failing to swerve the vehicle in order to avoid striking the vehicle in which Plaintiff was traveling; and
   (e) Failing to act as a person of ordinary care would under same or similar circumstances.

9. Each and all of the above, whether omissions or commission, constitutes negligence as the law defines it, and were, each and all, separately and concurrently, a proximate cause of the incident described above and the resulting injuries and damages sustained by the Plaintiffs.

10. At the time of this collision Plaintiffs had in effect an auto insurance policy with Defendants GEICO. As part of their coverage, they had both personal injury protection and

uninsured motorist coverage. As Plaintiffs incurred medical treatment, their bills were forwarded to GEICO. GEICO paid some, but not all claims.

11. GEICO has unilaterally denied coverage of additional sums under either PIP or UM, on either the Texas or the Michigan policy issued to Plaintiffs.

### VI.  LIABILITY OF DEFENDANT

**A.     Uninsured Motorist and PIP Claims**

12. The at-fault party was liable for the collision and was not insured to cover Plaintiffs' losses.

13. It has therefore become necessary for the Plaintiffs to bring this lawsuit against the Defendants GEICO under the policies. Plaintiff seeks a determination under the Declaratory Judgment Act of the applicable coverages under the policy and GEICO's obligation to pay.

**B.     Breach of Contract**

14. Plaintiffs are beneficiaries of the insurance contract issued by Defendant and has standing to sue for breach.

15. Plaintiffs complied with the provisions of the policy and performed all duties they owed Defendants under the contracts; Plaintiffs have performed or attempted to perform all conditions precedent to bringing this lawsuit. GEICO's action have rendered some performance impossible.

16. Defendants breached the contract by failing to pay Plaintiffs for the injuries they sustained due to the negligence of the at-fault driver.

17. As a result of Defendants' breach, Plaintiffs have suffered damages, further detailed below.

**C.     Bad Faith**

18. Defendants breached their duty of good faith and fair dealing with Plaintiffs in failing to give a valid reason to pay or deny the claims for underinsured motorist benefits and PIP. Plaintiffs

and Defendants were in an insurer/insured relationship by virtue of the insurance contracts issued to Plaintiffs.

19. Defendants knew or should have known that coverage was reasonably clear under the policy and that the damages claimed by Plaintiffs flowed directly from the incident and were reasonable. Defendants' actions are proximate causes of Plaintiffs' damages.

**D.  Violation of Tex. Ins. Code Ch. 541, Subchapter D**

20. Tex. Ins. Code Ch. 541 Subchapter D is violated if Subchapter B is violated. Tex. Ins. Code Ch. 541 Subchapter B prohibits making, issuing, or causing to be made statements misrepresenting the terms, benefits, and nature of an insurance policy. Defendant misrepresented the terms, benefits, and nature of the PIP and UM benefits in the policy, and failed to pay Plaintiffs' reasonable expenses and damages after their cooperation and in spite of documentary substantiation of their losses.

**E.  Failure to Promptly Pay**

21. Plaintiff gave proper notice of the collision at issue to Defendants and Defendants are liable under uninsured portions of the policy. Defendant violated Tex. Ins. Code Ch. 542 Subchapter B by not timely and fully paying the claim and by wrongfully rejecting Plaintiff's claim for UIM benefits. This incident occurred over 2 years ago and Plaintiffs have complied with all of Defendants' requests to substantiate their claims.

**F.  Unfair Settlement Practices**

22. Defendants GEICO's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under their article are made actionable by TEX. INS. CODE §541.151.

23.     Defendants GEICO's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

24.     The unfair settlement practice of Defendants GEICO of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

25.     Defendant GEICO's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to the Plaintiff, or to submit a reservation of rights to the Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

26.     Defendant GEICO's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7)

## VI.  DAMAGES

27.     The Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by the Plaintiff.

28.     The losses and damages caused by the accident have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff.  These damages are a direct result of Defendant GEICO's mishandling of Plaintiffs' claim in violation of the laws set forth above.

29. For breach of contract, the Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

30. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, the Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, the Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

31. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, the Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

32. For breach of the common law duty of good faith and fair dealing, The Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

33. For the prosecution and collection of their claim, the Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, the Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

34. For the prosecution and collection of their claim, the Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, the Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the

preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

35. Plaintiff claims for relief under Tex. R. Civ. P. 47(c)(5), in a maximum amount of $200,000.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the case be remanded to the state court and for judgment against the Defendants for the following:

a. Actual damages;
b. Attorney Fees
c. Prejudgment and post-judgment interest;
d. Costs of suit; and
e. All other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully Submitted,

**THE DUNK LAW FIRM, PLLC**

_____
Brenna L. Sanchez
State Bar No. 24068039
4505 Caroline Street
Houston, Texas 77004
(713) 223-1435
(713) 223-1438 (fax)
brenna@dunklawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2017 that the foregoing was served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure.

_____
Brenna L. Sanchez, Esq.